IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN OTIS THORNTON | § | |
| v. | § | CIVIL ACTION NO. 5:16cv160 |
| CORVETTE PHILLIPS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff John Thornton, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. Docket No. 1. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Officer Corvette Phillips and the Texas Department of Criminal Justice. Docket No. 1 at 1.

 I. Background

On November 1, 2016, Plaintiff was ordered to pay an initial partial filing fee of $6.50, in accordance with 28 U.S.C. §1915(b). Docket No. 3. He filed a response to this order stating he had no money and did not know when his family would send him any, and the only money he received was $20.00 per year from his father's coal and lignite lease. Docket No. 8 at 1. He followed this on December 5, 2016, with a commissary slip dated November 30, 2016, purporting to show he had no money in his account. Docket No. 9 at 1.

On December 28, the Magistrate Judge issued an order stating commissary slips were not acceptable substitutes for an *in forma pauperis* data sheet and giving Plaintiff an additional 30 days to pay the initial partial filing fee or show cause for his failure to do so by submitting a current data sheet. Docket No. 28 at 1.

On January 12, 2017, Plaintiff filed an *in forma pauperis* data sheet. Docket No. 12. This data sheet showed in December of 2016, after receiving the order for an initial partial filing fee of $6.50, Plaintiff received a deposit of $50.00, giving him ample means with which to pay the fee; instead, Plaintiff spent all of the money without paying the fee despite the fact he knew of the fee at the time he received the deposit. *See Id*. at 1.

## II. The Magistrate Judge's Report and Plaintiff's Objections

On February 22, 2017, the Magistrate Judge issued a Report recommending dismissal of the lawsuit. Docket No. 13. The Magistrate Judge stated there is nothing unconstitutional about making incarcerated persons pay part of the costs of litigation through the partial filing fee plan devised by Congress and codified in 28 U.S.C. §1915(b). Docket No. 13 at 2. Because Plaintiff failed to pay the initial partial filing fee when he received funds which were more than ample to permit him to do so, the Magistrate Judge determined Plaintiff failed to prosecute his case or to obey an order of the Court. *Id*. at 3.

Plaintiff filed objections to the Report on March 7, 2017. Docket No. 15. In these objections, Plaintiff states "the reason I John Thornton TDCJ #1430272 didn't pay the $6.50 initial partial fee when order[ed] by the court[] is because I had to pay off a friendly debt to a friend here on the Telford Unit." *Id*. at 1. He acknowledges the Court issued the initial partial fee order on November 1, 2016, and he received $50.00 from his aunt in December. *Id*. He asks the Court to collect the initial partial fee in installments until it is paid off along with the rest of the fee. *Id*. at 2.

## III. Discussion

Plaintiff does not dispute he received more than ample funds to pay the initial partial filing fee in the month after the fee was imposed. Instead, he simply chose not to pay the fee, electing instead to pay off "a friendly debt to a friend." *See Id.* at 1. In *Dudley v. Pratt*, Case No. 6:07cv320, 2007 WL 4290500 (E.D.Tex., December 4, 2007), the plaintiff Antonio Dudley was assessed an initial partial filing fee of $4.01. *Id.* at 1. He responded by stating he only received $20.00 per month, with which he purchased personal items from the commissary such as

hygienic supplies, writing material, and postage stamps. *Id*. The Court determined Dudley failed to prosecute or to obey an order of the Court and dismissed the lawsuit without prejudice. *Id*. at 2; *see also Hicks v. Secretary, Florida Department of Corrections*, Case No. 4:10cv529, 2011 WL 1405155 (N.D.Fla., February 28, 2011) (all litigants, including prisoners proceeding *pro se*, must make decisions about how to spend their money when contemplating litigation, and may have to make sacrifices to pursue a claim), *citing Beck v. Symington*, 972 F.Supp. 532, 535 (D.Ariz. 1997).

Plaintiff's request to have the inital partial filing fee collected in installments does not comport with the *in forma pauperis* statute, which provides that the initial partial filing fee will be assessed and collected by the district court up front and the remainder of the filing fee collected in installments. 28 U.S.C. §1915(b)(1), (b)(2). Plaintiff acknowledges he had the funds to pay the initial partial filing fee of $6.50 when he received a deposit of $50.00 in December of 2016. His choice not to do so was his own. Plaintiff's objections fail to set out any valid reason to reject the Report of the Magistrate Judge.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 13) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court. Finally, it is

**ORDERED** any and all motions which may be pending in this civil action are hereby **DENIED**.

**SIGNED this 20th day of June, 2017.**

_Robert W. Schroeder III_
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE